UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

FILED
04 OCT 13 AM 9:25
U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| JUANA SMITH, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>THE PROCTOR & GAMBLE )<br>COMPANY, *et al.*, )<br>)<br>Defendants. ) | Civil Action No. CV-04-S-1397-NW<br><br>**ENTERED**<br><br>OCT 13 2004<br>UNITED STATES DISTRICT COURT<br>NORTHERN DISTRICT OF ALABAMA |

## MEMORANDUM OPINION

This action is before the court on the motion to remand filed by plaintiff, Juana Smith (doc. no. 3). Plaintiff commenced this action in the Circuit Court of Morgan County, Alabama, naming Proctor & Gamble Company and Proctor & Gamble Distributing Company (along with a number of fictitious parties) as defendants.[1] Defendants were served with plaintiff's summons and complaint on or about May 9, 2004.[2]

Plaintiff claims that she suffered a vaginal laceration when she used a defective tampon manufactured, sold, and distributed by defendants.[3] She did not state a specific amount in damages, instead demanding "compensatory damages in an

---

[1] Doc. no. 1, appended complaint.
[2] Doc. no. 1, at ¶ 5.
[3] Doc. no. 1, appended complaint, at ¶¶ 4, 10.

amount to be determined by the trier-of-fact, plus interest, attorney's fees, costs and such other relief as may be determined by the Court."[4] Plaintiff did list the specific harms that she allegedly suffered:

    a.    a vaginal laceration requiring surgery and suturing to repair;

    b.    severe pain and suffering associated therewith;

    c.    resulting internal scarring that has caused Plaintiff to have difficulty and suffer severe pain and discomfort while attempting to engage in intercourse;

    d.    loss of consortium with her husband;

    e.    medical expenses, including medicine, physician and hospital fees; and

    f.    severe mental anguish and emotional distress resulting from the injury and the loss of consortium.[5]

On or about May 18, 2004,[6] defendants served plaintiff with request for admissions and interrogatories. In the request for admissions, defendants asked plaintiff to admit:

    1.    that she does not seek damages in this action in excess of $75,000;

    2.    that the amount in controversy is less than $75,000;

---

[4] Doc. no. 1, appended complaint, at 3.

[5] Doc. no. 1, appended complaint, at 3.

[6] The facts are unclear as to the exact date when defendants served plaintiff with these requests. Defendants mailed the papers to plaintiff on May 13, 2004 (doc. no. 1, at Exhibits A, B). Plaintiff states that she was served with the material "on or about May 18, 2004" (doc. no. 4, at 2).

    3.    that plaintiff foregoes and will not accept damages in excess of $75,000; and

    4.    that plaintiff will not, after the expiration of one year from the date of filing her complaint, amend her complaint to seek damages in excess of $75,000.[7]

Defendants' interrogatories requested plaintiff to, among other things, "specify in all possible detail each and every physical, emotional, and/or psychological injury you claim you sustained in the incident,"[8] and "itemize and quantify each compensable damage you seek to recover in this lawsuit."[9]

On June 14, 2004,[10] plaintiff replied that she could neither admit nor deny defendants' request for admissions, stating:

> Plaintiff cannot truthfully admit or deny the matter[s] set forth in [defendants'] request[s] . . . for the reason that Plaintiff has not completed initial discovery in this case, and although Plaintiff has made reasonable inquiry, the information known or readily available to Plaintiff is insufficient to enable the Plaintiff to admit or deny.[11]

With respect to defendants' interrogatories, plaintiff responded that her past medical expenses totaled $10,977.50, but that her future medical expenses were "not yet

---

[7] Doc. no. 1, at Exhibit A.

[8] Doc. no. 1, at Exhibit B, Interrogatory 4.

[9] Doc. no. 1, at Exhibit B, Interrogatory 13.

[10] This is the date plaintiff mailed her responses to defendants' request for admission and interrogatories. Doc. no. 1, at Exhibits A, B. Defendants appear to have received the papers the same day. Defendants cite June 14, 2004 as the date when "plaintiff failed to admit [defendants'] request for admissions . . . ." (doc. no. 5, at 3).

[11] Doc. no. 1, at Exhibit A (Plaintiff's Statement in Response to Defendants' First Request for Admissions to Plaintiff).

ascertainable," and that her physical and mental pain and suffering associated with the injury were also "not yet ascertainable."[12] She added that

> Having sex for me now is not pleasurable at all. I avoid sex with my husband if I can .... [My husband] told me a couple of weeks ago that I was not the same woman and that I cannot give him what I used to give him. The problem is causing a lot of stress in our marriage, and I am afraid it might lead to us breaking up after 32 years of marriage. I feel all alone and desperate and sometimes like I do not want to continue living.[13]

Plaintiff also said "I seem to be getting many more bladder and kidney infections than I used to."[14]

On July 1, 2004, defendants filed their notice of removal in the United States District Court for the Northern District of Alabama, Northwestern Division, pursuant to 28 U.S.C. § 1441(a).[15] Defendants claimed that removal was timely because they removed within thirty days of June 14, 2004, the date on which plaintiff "failed to

---

[12] Doc. no. 1, Exhibit B, Plaintiff's Answers to Defendants' Interrogatories, at ¶ 13.
[13] Doc. no. 1, Exhibit B, Plaintiff's Answer to Defendants' Interrogatories, at ¶ 4.
[14] Doc. no. 1, Exhibit B, Plaintiff's Answer to Defendants' Interrogatories, at ¶ 4.
[15] Doc. no. 1. 28 U.S.C. § 1441(a) states:

Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.

28 U.S.C. § 1441(a) (2004).

admit [defendants'] request for admissions."[16]

Plaintiff moved to remand the case to state court on four grounds: (1) defendants filed their Notice of Removal in the wrong division of the United States District Court for the Northern District of Alabama; (2) defendants had not shown by a preponderance of the evidence that the amount in controversy in the action exceeded $75,000; (3) defendants failed to timely remove the case; and (4) plaintiff stipulated that she sought less than $75,000.00 in compensatory damages (doc. no. 4).

## I. DISCUSSION

### A.    Timeliness Under 28 U.S.C. § 1446(b)

A defendant must remove a case from state court to federal court within thirty days of receiving plaintiff's initial pleading, or, if the case stated by the initial pleading is not removable, within thirty days of receiving some "other paper" from which defendant may ascertain removability. 28 U.S.C. § 1446(b) (2004). Section 1446(b) states in full:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty

---

[16]Doc. no. 1, at ¶¶ 7-8. The thirty day period is relevant under 28 U.S.C. § 1446(b), which requires a party to remove a case from state court to federal court within certain deadlines. The court will discuss and cite this provision in full in the body of its discussion.

days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

*If the case stated by the initial pleading is not removable*, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or *other paper* from which it may first be *ascertained* that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

28 U.S.C. § 1446(b) (2004) (emphasis supplied).

Here, defendants contend that the thirty day period for removal commenced on June 14, 2004, "the date plaintiff failed to admit [defendants'] request for admissions."[17] Defendants thus argue that, while plaintiff's original complaint did not state a removable case, due to its failure to state a specific amount in the *ad damnum* clause exceeding this court's jurisdictional amount, her response to the request for admissions constituted that "other paper" from which defendants first "ascertained" removability under § 1446(b). Plaintiff counters that the thirty day period commenced on May 9, 2004, when defendants were served with plaintiff's complaint.

This disagreement is significant, because defendants removed this case to federal court on July 1, 2004, within thirty days of June 14, but not so counting from

---

[17]Doc. no. 5 (Defendants' Response to Plaintiff's Motion to Remand), at 3.

May 9, 2004. Whether defendants removed this case in compliance with § 1446(b) thus depends on when defendants had their first opportunity to remove the case from state court to federal court.

A close analysis of § 1446(b), in particular the meaning of the term "ascertained" in the provision's second paragraph, is pivotal. In *Bosky v. Kroger Texas LP*, 288 F.3d 208 (5th Cir. 2002), the Fifth Circuit held that a party could "ascertain" removability from an amended complaint, motion, order, or some other paper only where "the facts supporting removability [are] stated *unequivocally*." 288 F.3d at 211 (emphasis supplied). This court could not find any Eleventh Circuit case which so explicitly delineated the definitional parameters of the term "ascertained." A district court in this circuit, however, has said that:

> The plain language [of § 1446(b)] is that there must be *receipt* by the defendant of something, from which the defendant *first* may ascertain that the case is removable. Proper ways to use § 1446(b) include the situation where a plaintiff voluntarily dismisses a resident defendant . . . or the plaintiff amends the complaint to assert a federal cause of action.

*TKI, Incorporated v. Nichols Research Corporation*, 191 F. Supp. 2d 1307, 1311-1312 (M.D. Ala. 2002) (emphasis in original) (citing *Nicholson v. National Accounts, Incorporated*, 106 F. Supp. 2d 1269, 1271 (S.D. Ala. 2000). This language suggests that a defendant may first ascertain removability based on newly filed papers when such papers contain new, compelling evidence supporting removability.

The Eleventh Circuit's decision in *Wilson v. General Motors Corporation*, 888 F.2d 779 (11th Cir. 1989), supports the same inference. In *Wilson*, plaintiff sued defendant General Motors Corporation, but also named fictional defendants "John Does A, B, and C." *Id.* at 780. The court remarked that in a case where a plaintiff names ficticious defendants, a "complaint [generally] does not become removable until the plaintiff takes some affirmative action indicating that he does not wish to pursue his claims against [the] fictitious defendants." *Id.* at 782. In *Wilson*, plaintiff took such "affirmative action" when she admitted, in response to defendant's request for admission, that none of the fictitious defendants that she named in her complaint in fact existed. "By doing so, she triggered the 30 day period [for removal]. The response was the 'paper from which it [was] first ascertained that the case [was] one which is or has become removable.'" *Id.* at 728 (brackets in original) (citing 28 U.S.C. § 1446(b)).

Here, the court can distinguish plaintiff's response to defendants' request for admissions. When asked to admit that her damages exceeded $75,000, plaintiff said she could not "truthfully admit or deny" the matter. The court strains to see how this ambiguous answer permitted defendants to first "ascertain" removability, as that term has been defined by the Fifth Circuit, or illustrated in case law by the Eleventh Circuit. Defendants thus cannot credibly argue that they "ascertained" removability

-8-

on June 14, 2004, the date they received plaintiff's response to their requests for admission. Defendants also cannot argue that they ascertained removability on May 9, 2004, when they were served with plaintiff's complaint, because the thirty day deadline under § 1446(b) would bar removal under those circumstances.

Defendants also failed to argue whether plaintiff's *interrogatory responses* might have qualified as the "other paper" triggering the thirty-day removal deadline under § 1446(b).[18] The court inquires whether defendants might have had a stronger argument relying on this evidence, rather than plaintiff's response to the defendants' requests for admissions. Plaintiff's interrogatory response stated that her loss of consortium with her husband was "causing a lot of stress in our marriage," that she feared such problems "might lead to us breaking up after 32 years of marriage," and that she felt "all alone and desperate and sometimes like I do not want to continue living."[19] Plaintiff also said "I seem to be getting many more bladder and kidney infections than I used to."[20] Even so, these interrogatory responses merely elaborated on plaintiff's complaint in which she claimed, among other things, loss of consortium with her husband, severe mental anguish and emotional distress resulting from her

---

[18]*See* doc. no. 1, Notice of Removal, at ¶¶ 4-8 (relying on plaintiff's response to defendants' request for admissions as basis for triggering thirty-day clock for removal); doc. no. 5, Defendants' Response to Plaintiff's Motion to Remand and Motion to Transfer, at 3 (again relying on plaintiff's response to defendants' requests for admission as basis for triggering thirty day clock for removal).

[19]Doc. no. 1, Exhibit B, Plaintiff's Answers to Defendants' First Interrogatories, at ¶ 4.

[20]Doc. no. 1, Exhibit B, Plaintiff's Answers to Defendants' First Interrogatories, at ¶ 4.

injury, and medical expenses. Defendants thus had notice of the full range of plaintiff's claims upon receiving her complaint. Assuming *arguendo* that plaintiff's case is removable at all, defendants had within thirty days of receiving plaintiff's complaint to effect removal, and not within thirty days of receiving plaintiff's "other papers."

Plaintiff's motion to remand, therefore, is due to be granted, and an appropriate order will be entered contemporaneously herewith. Having decided plaintiff's motion on procedural grounds, the court declines to address plaintiff's remaining arguments in support of her motion to remand.

DONE this 13th day of October, 2004.

_____
United States District Judge